**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Mohamed P.,[1]                                    File No. 26-CV-2003 (JMB/EMB)

      Petitioner,

v.                                                                    **ORDER**

Markwayne Mullin, *Secretary of Homeland Security*; Todd M. Lyons, *Acting Director of U.S. Immigration & Customs Enforcement*; David Easterwood, *Field Office Director for Enforcement and Removal Operations*,

      Respondents.

---

Daniel P. Suitor, Daniel P. Suitor PLLC, Minneapolis, MN, for Petitioner Mohamed P.

David W. Fuller and Joshua Sweeney, United States Attorneys' Office, Minneapolis, MN, for Respondents Markwayne Mullin, Todd M. Lyons, and David Easterwood.

---

This matter is before the Court on Petitioner Mohamed P.'s Petition for a Writ of Habeas Corpus (Petition). (Doc. No. 1.) For the reasons explained below, the Court grants the Petition.

**FINDINGS OF FACT**

1.     Mohamed P. came to the United States in 1999, at the age of eleven, as a refugee from Sudan. (Doc. No. 1 [hereinafter, "Pet."] ¶¶ 1.)

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental party in immigration cases.

1

2.      Mohamed P. and his family had fled Sudan to escape the violence, famine, and desolation caused by the Second Sudanese Civil War, and had lived in a refugee camp in Ethiopia for eight months before coming to the U.S.  (Pet. ¶ 1.)

3.      Mohamed P. eventually became a lawful permanent resident in 2002; however, he has a lengthy criminal history and was ordered removed to South Sudan in 2011. (*Id.* ¶ 2; Doc. No. 7 at 2, 12.)  From 2006 through 2011 Mohammed P. was convicted of one felony and ten misdemeanors.  (*See* Pet. ¶ 25.)

4.      After being ordered removed on November 22, 2011, Mohamed P. served around six months of immigration detention and was subsequently released on an order of supervision.  (*Id.* ¶ 2.)

5.      From 2011 through 2023 Mohamed P. was convicted of three felonies and sixteen misdemeanors.  (*See id.* ¶ 25.)

6.      On July 17, 2018, ICE issued a notice of Revocation of Release for Mohamed P.  (Doc. No. 7 at 3.)  At some point in time, Mohamed P. was placed in ICE custody, from which he was released on another order of supervision on January 9, 2019.  (*Id.* at 4.)  Mohamed P. alleges that this period of detention was approximately four months long. (Pet. ¶ 2.)

7.      On January 26, 2026, Mohamed P. was arrested at his workplace.  (*Id.* ¶28.)

8.      Before his arrest, Mohamed P. had not been asked by Immigration and Customs Enforcement (ICE) to fill out an application for a travel document, nor does he currently possess a passport from Sudan.  (Pet. ¶ 27.)  Mohamed P. has not been informed of the prospect of removal to any other country.  (*Id.*)

2

9.      After an Alien Informational Interview was conducted on January 27, 2026, Mohamed P. was informed that he would remain in ICE custody and was served a Notice of Revocation of Release.  (Doc. No. 7 at 4.)

10.      On March 25, 2026, Mohamed P. filed his Petition pursuant to 28 U.S.C. § 2241.  In it, he asks the Court to order his immediate release from Respondents' custody, under the same order of supervision in place before his arrest, on grounds that his arrest was unlawful.  (*See generally* Pet.; *see also id.* ¶ 12.)  Mohamed P. seeks a variety of other relief, including a declaration that his detention is unlawful under the Due Process Clause of the Fifth Amendment of the U.S. Constitution, and he also seeks an award of attorney's fees under the Equal Access to Justice Act.  (*Id.* at 18.)

11.      Also on March 25, 2026, the Court ordered Respondents to file a response to the Petition by March 30, 2026, at 11:00 a.m.  (Doc. No. 3.)  Respondents  Markwayne Mullin, Todd M. Lyons, and David Easterwood (together, Respondents) timely filed a response.  (Doc. No. 8.)  The Court then ordered Mohamed. P. to file a Reply on or before April 2, 2026, at 11:00 a.m., to which Mohamed P. complied.  (Doc. No. 11)

12.      Mohamed P. is currently being detained at the Kandiyohi County Jail in Willmar, Minnesota.  (Pet. ¶ 11.)

## DISCUSSION

Mohamed P. seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The Petition requests that the Court declare that his current detention is unlawful and order Respondents to release him from custody.  (Pet. at 18.)  Mohamed P.'s argues that Respondents, having previously released him in 2019 on an order of supervision, violated

regulation 8 CFR § 241.13 by failing to provide adequate notice that his Order of Supervision was revoked.  (*See* Doc. No. 11 at 10–16.)  Respondents did not substantively reply to Mohamed P.'s arguments other than to make conclusory statements that his claims were "meritless" without citing any supporting caselaw.  (Doc. No. 8 at 11–12.)  Given the limited response[2] from Respondents concerning proper notice and compliance with the requisite procedures at section 241.13, the Court agrees with Mohamed P. and grants his Petition on this basis.

### A.    Constitutional Guarantee of Habeas Review

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025).  For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020)

---

[2] In response, Respondents largely argue based on *Zadvydas v. Davis*, 533 U.S. 678 (2001), but "*Zadvydus* does not apply to noncitizens subject to an order of supervision, where there has *already been* a determination that a noncitizen is not likely to be removed," *Vang v. Bondi*, 26-CV-1381 JMG, 2026 WL 458195, at *3 (D. Minn. Feb. 18, 2026).

(citation omitted).  The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence.  *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

In addition, the Court concludes that it has jurisdiction to hear this Petition.  Under section 2241, federal courts have jurisdiction to order the release of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241.  More specifically, federal courts have jurisdiction to decide section 2241 petitions for habeas corpus filed by persons who remain detained after a deportation order has become final.  *Zadvydas*, 533 U.S. at 688.  Because Mohamed P. does not challenge his removal order, but instead challenges the revocation of his supervised release and his continued detention, the Court has jurisdiction to decide the questions raised about the lawfulness of Mohamed P.'s current re-detention.

### B.    Applicability of Section 241.13

Specific regulations control the federal government's ability to detain, release, and revoke the release of noncitizens subject to orders of removal.[3]  Government agencies are required to follow their own regulations.  *See United States ex rel. Accordi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Sarail A. v. Bondi*, No. 25-CV-2144 (ECT/JFD), 2025 WL 2533673, at *2 (D. Minn. Sep. 3, 2025).  An order of supervision under 8 C.F.R. § 241.13(i) can be revoked, and a noncitizen can be re-detained, either when a noncitizen violated any of the conditions of his release or the federal government identifies changed circumstances

---

[3] The Court uses the term "noncitizen" instead of the term "alien."

that indicate a significant likelihood that the noncitizen may be removed in the reasonably foreseeable future.   In either case—a violation of supervised release or changed circumstances—the regulations provide that, upon revocation, ICE notify the noncitizen "of the reasons for revocation of his or her release."   § 243.13(i)(3).   The federal government's failure to follow the regulations set forth in section 241.13 indicates an unlawful detention.   *Vang*, 2026 WL 458195, at *2.

The parties do not appear to contest, and the Court agrees, that section 241.13 applies in this case.   While the basis for revocation of Mohamed P.'s release is not clear from the record,[4]  the Court need not determine whether Respondents have established a basis to revoke because the regulation requires notice: "Upon, revocation, the [noncitizen] will be notified of the reasons for revocation of his or her release."   § 243.13(i)(3).   This did not occur here, and Respondents make no argument to the contrary.   Here, it is undisputed that Respondents issued Mohamed P.'s Notice of Revocation of Release on January 27, 2026 (Doc. No. 7-18 at 3–5), one day after they had arrested him on January 26, 2026 (*see, e.g.*, *id.* at 4).   In other words, "[t]he government detained petitioner first,

---

[4] Respondents assert that Mohamed P.'s criminal convictions constitute violations to the terms of supervision. (Doc. No. 8 at 11.) Respondents also refer to one paragraph in a declaration stating that "[i]t was indicated that [Mohamed P.] had stopped reporting to ICE years ago." (Doc. No. 7 at 4.) Respondents' belief that a proper basis for revocation exists does not establish that the decision to revoke was actually based on this reason. In addition, the exhibit cited to show that Mohamed P. had stopped reporting to ICE does not establish his failure to report or refer to a failure to report in any way; instead, the one page document lists names and addresses of Mohamed P.'s brother and children and notes that Mohamed P. was provided a notice of revocation of revocation one day after his ais arrest. (*See* Doc. No. 7-16.)   Therefore, the record does not contain evidence of any actual basis for Respondent's decision to arrest Mohamed P. or any evidence that Respondents followed the applicable regulations prior to arresting Mohamed P.

and asked questions later," but "[t]hat's not how this works." *Vang*, 2026 WL 458195, at *3. Respondents' own records show that they are aware of and have previously complied with this process. (*See* Doc. No. 7 at 3–4 (showing that, on a previous occasion, ICE had issued a notice of revocation of release for Mohamed P. before arresting him and served the notice to him the same day of his arrest.) There is simply no evidence in the record that Respondents provided Mohamed P., at the time of his arrest or prior, with notice of the revocation of his release or with the basis for that revocation as required by section 241.13(i)(3). This Court agrees with the courts that have concluded that failure to provide proper notice pursuant to section 241.13(i)(3), is a violation of due process rights and entitles petitioners to habeas relief. *Claudio A.A. v. Bondi*, No. 26-CV-742 (KMM/LIB), 2026 WL 468232, at *7 (D. Minn. Feb. 12, 2026) (collecting cases), *R&R adopted*, No. 26-CV-742 (KMM/LIB), 2026 WL 478347 (D. Minn. Feb. 18, 2026). Accordingly, Mohamed P. has shown that ICE's re-detention of him on January 26, 2026, violated the law because ICE did not comply with its own regulations under section 241.13(i)(3).

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED, as follows:

1. Respondents must IMMEDIATELY release Petitioner Mohamed P. in Minnesota, under the same conditions of release as his 2019 Order of Supervision, and in any event, on or before 5:00 p.m. CT on April 17, 2026.

2. On or before 11:00 a.m. CT on April 20, 2026, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in accordance with this Order. Counsel shall also file a declaration on or before 11:00 a.m. CT on April 20, 2026, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released,

attaching any and all relevant documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation).  If Petitioner was transferred out of Minnesota prior to the Court's Order granting the Petition, counsel shall also file a declaration on or before 11:00 a.m. CT on April 20, 2026, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that includes the following: (a) the name or names of any individual or individuals who authorized Petitioner's transfer outside of Minnesota; (b) the basis for the transfer; (c) the time and date when that decision was made; (d) the time and date when Petitioner was moved; and (e) what efforts Respondents took to return Petitioner to Minnesota as ordered by the Court.

3.    To the extent Petitioner Mohamed P. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  April 16, 2026                                    /s/ *Jeffrey M. Bryan*
                                                         Judge Jeffrey M. Bryan
                                                         United States District Court